<div style="margin-left:2em">6. INSTRUC-<br>TION: error<br>without preju-<br>dice.</div>

VII. The plaintiffs complain that the issues were not fairly stated to the jury, but we think otherwise. We see no error.

<div align="right">AFFIRMED.</div>

---

## WENTWORTH v. BLACKMAN, EX'R, ET AL.

1. **Damages:** EXEMPLARY: WHEN NOT ALLOWABLE. In an action for the value of property alleged to have been wrongfully taken, where there was no evidence that it was taken maliciously, it was error for the court to instruct the jury that they might find exemplary damages; and where the verdict was much in excess of the value of the property, such instruction must have prejudiced defendants, and the judgment must be reversed.

2. **Evidence:** TITLE TO PERSONAL PROPERTY: INOPERATIVE CONTRACT OF SALE. In an action against B.'s executors, involving the title to certain old and unsalable castings in a foundry and machine shop, where it appeared that B. had been in possession, with the presumptive right of ownership, *held* that a contract of sale from B. to plaintiff of the real estate and machinery, but on which plaintiff had paid nothing, and under which, if he had ever taken possession, he had relinquished it again to B., was not admissible to prove plaintiff's title to the castings.

*Appeal from Mitchell Circuit Court.*

<div align="center">FRIDAY, MARCH 11.</div>

THIS suit involves the question of the ownership of certain

personal property, consisting of iron castings and other articles which were for many years in an old, dilapidated and unused foundry and machine-shop. The plaintiff alleges that he was the owner of the property, and in possession thereof, and that defendants forcibly, unlawfully, willfully and maliciously broke open said building, and removed the property therefrom. He demanded judgment for the alleged value of the property, and for $100 exemplary damages. The defendants, who are the executors of the estate of George Briggs, deceased, claim that said property belongs to said estate. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendants appeal.

*F. F. Coffin* and *Foreman & Marsh*, for appellants.

*M. M. Browne*, *L. M. Ryce* and *J. M. Moody*, for appellee.

ROTHROCK, J.—I. The evidence shows that Briggs was the owner of the foundry and machine shop, and that about

1. DAMAGES: exemplary: when not allowable.

the year 1873 he and the plaintiff formed a partnership, and carried on the business from that time to some time in the year 1875, when the partnership ceased, and Briggs carried on the business for a few months, and quit. The plaintiff afterwards ran the business for a time—in the years 1878 and 1879. During the time of the partnership, nearly all of the property in dispute accumulated in the foundry. It was manufactured by the firm, and possibly some of it was purchased by the firm. There has been no business done in the establishment since 1879. It has been practically closed since that time. Both of the partners were residents of Mitchell county, and in the year 1879 the plaintiff left this state, and went east, and remained there until after the death of Briggs, which occurred in the summer of 1883. The executors of Briggs, believing that these old castings and other property belonged to the estate, removed the same from the building. This is the

ground of plaintiff's action and claim for vindictive damages. There is no evidence in the case authorizing any court or jury to find that the removal of the property was a malicious act. We do not propose to set out the evidence bearing upon the motives which prompted the act of removal. It is sufficient to say that it does not tend in the remotest degree to show malice, and the jury should not have been instructed that they might find exemplary damages. Such an instruction was given, and the amount of the verdict leads us to think that the jury must have found exemplary damages, because, as we view the evidence, the verdict was much in excess of the value of the old, rusty, dilapidated and unsalable property in controversy.

II. The property in dispute originally belonged to the partnership. There is no direct evidence that there was at any time a settlement of the partnership and a division of the partnership property. But it is conceded that, when the plaintiff quit the partnership, he went out, and left this property in the possession of Briggs, his late partner. Possession is presumptive evidence of ownership, and, without more, the inference would be that the property belonged to Briggs. It is true, the plaintiff testified generally that he owned the property when the defendants removed it from the building. But there is no evidence of when or where he purchased it of Briggs or of the partnership. This being the state of the case when the defendants had introduced their evidence, the plaintiff, in rebuttal, introduced a written agreement by which Briggs contracted to sell the foundry and machine-shop to the plaintiff and one Nowell, and an assignment of Nowell's interest to the plaintiff. This written agreement was dated May 1, 1878. The first payment was to be made on the first day of October, 1878, and the property agreed to be conveyed was the land and " the foundry and machine-shop thereon, with all the machinery therein, and tools therein." If this evidence was admissible for any purpose, it was to show that

2, EVIDENCE: title to personal property: inoperative contract of sale.

VOL. LXXI—17

the plaintiff was the owner of the property in controversy. It will be observed that the property is neither machinery nor tools. It consists of manufactured articles held for sale. But we suppose the theory of plaintiff was that it was important to prove that he bought the real estate, machinery, and tools. The defendants objected to the introduction of this evidence, and the objection was overruled. We think that it should not have been admitted, especially as there was no evidence that the plaintiff ever took and held possession of the property under it, or that he at any time paid any of the purchase money. It is true, the contract provides that for non-payment of the sums of money agreed to be paid Briggs might consider the contract at an end, and consider the plaintiff as a tenant at will, and have the right to remove him from said premises by a proceeding in forcible entry and detainer. It might seem from this that plaintiff took possession under this contract. But, if he did, we think the evidence shows he did not retain the possession. When he went east, two or three years before Briggs died, he left no one in charge of the property, and he admits in his evidence that he gave up the key of the building to Briggs, and Briggs took possession of the property, and continued in possession until he died. But the plaintiff testified that there were two keys, and that he gave but one to Briggs. We think that, under this state of proof, without any evidence that the plaintiff ever paid a dollar on the agreement, and with the evidence tending very strongly to show that Briggs resumed possession of the property, the written agreement was improperly admitted in evidence.

For the errors above discussed, the judgment is reversed, and the cause is remanded for a new trial.

REVERSED.